IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>    v.<br><br>MARK ALLEN CLINE,<br><br>          Defendant.<br>_____ | 2:11-cr-00131-GEB<br><br>ORDER OF DETENTION PENDING TRIAL |

        On April 8, 2011, the undersigned judge heard oral argument on Defendant Mark Allen Cline's motion for "Review of Magistrate's Order for Detention."

        Cline has been indicted on charges that he received and distributed child pornography in violation of 18 U.S.C. § 2252(a)(2) and possessed child pornography in violation of 18 U.S.C. § 2252(a)(4)(B). Cline's release is subject to "a rebuttable presumption . . . that no condition or combination of conditions will reasonably assure the safety of . . . the community[.]" 18 U.S.C. § 3142(e)(2). "Although the presumption shifts a burden of production to [Cline], the burden of persuasion remains with the government. A finding that a defendant is a danger to any other person or the community must be supported by clear and convincing evidence." United States v. Hir, 517 F.3d 1081, 1086 (9th Cir. 2008) (citation and internal quotation marks omitted). Further, the district court reviews the magistrate judge's decision de novo. United States v. Koenig, 912 F.2d 1190, 1192 (9th Cir. 1990). This de novo review may include an additional evidentiary hearing, but it is not

1

1  required. Id. at 1193. This Court "review[s] the evidence before the
2  magistrate and make[s] its own independent determination[.]" Id.
3       A Magistrate Judge conducted an evidentiary detention hearing
4  on March 25, 2011, following which Cline was ordered detained as a
5  danger to the community. The undersigned judge listened to an audio
6  recording of the evidentiary detention hearing, at which Cline's ex-
7  fiancé and a Detective in the Sacramento Sheriff's Department testified.
8       Cline suggests through his attorney's argument that his ex-
9  fiancé put the child pornography on his computer, which was eventually
10 found there by a law enforcement officer, and that she is not a credible
11 witness. Cline's ex-fiancé's testimony is credible since it is supported
12 by evidence found on Cline's computer, which includes evidence of child
13 pornography predating the start of Cline's relationship with his ex-
14 fiancé.
15      Cline's ex-fiancé testified that she gave the San Joaquin
16 Sheriff's Office one of Cline's lap tops, on which a detective in the
17 Sacramento Sheriff's Department found child pornography. Detective
18 Vincent Recce of the Sacramento Sheriff's Department testified that,
19 thus far, he has found 1000 child pornography images on the computer;
20 one of which shows an adult female orally copulating a baby.
21      Cline's ex-fiancé testified that when Cline was employed as a
22 school teacher he told her that he fantasized about wanting to have anal
23 sex with one of his minor students. Cline's ex-fiancé also testified
24 that, at times, part of her and Cline's sexual foreplay included her
25 acting like a child, and her saying things sufficient to get and keep
26 Cline sexually aroused. Cline's ex-fiancé also testified that he told
27 her that he fantasized about her, him, and a two year old girl laying
28 naked on a blanket together and having fun.

         The Court has considered the above evidence admitted during the evidentiary hearing in conjunction with the factors in 18 U.S.C. § 3142(g), and finds that the Government has established by clear and convincing evidence, that the release of the Defendant would pose a danger to children in the community. Further, no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, Defendant's release motion is denied.

Dated:  April 8, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge