IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) 2:11-cr-00131-GEB |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER EXPLAINING REDACTIONS |
| | ) AND UNREDACTED FILING AND |
| MARK ALLEN CLINE, | ) AUTHORIZING REDACTIONS AND |
| | ) SUBSTITUTED DESCRIPTIONS |
| Defendant. | ) |
| _____ | ) |

On April 8, 2011, prior to hearing oral argument on Defendant's "Motion for Review of Magistrate's Order for Detention", the Court *sua sponte* raised the legality of the scope of the Government's sealing request that resulted in a Magistrate Judge sealing Docket Numbers 11, 12, and 13. An in camera proceeding was held on the sealing issues since the scope of secrecy requested by the Government appeared unnecessary and inconsistent with affording the public and press access to information in documents filed in this criminal proceeding.

During the in camera proceeding the Court requested the Government to explain its sealing positions and its sealing authority. The Government replied that it relied on Federal Rule of Criminal Procedure 49.1 and the practice of the United States Attorney's Office. The legal basis supporting whatever that practice is in the United States Attorney's Office was not explained, and it was not made clear why that unexplained practice applied to the scope of the sealing the Government had a Magistrate Judge approve in this case.

1

The Government failed to provide sufficient justification for keeping Docket Numbers 11 and 12 sealed, and after considerable discussion on whether these documents should have been sealed the Government ultimately stated these documents could be unsealed. These documents were then unsealed.

The Court also discussed with the parties situations in which redactions and substituted information should be used in a redacted public filing so that the reader could understand what was redacted without seeing the deleted sensitive information. Under this procedure, two versions of each document would be filed: one version on the public docket from which all victim-identifying information has been redacted, and an unredacted version of the same document would be kept sealed. The Court authorized the Government to file a redacted version of its Reply Brief, which the Government has since filed as Docket Number 21. In that filing, the Government was authorized to use dark ink to redact specific text and to set forth a description of what was redacted over the redactions, thus providing enough information for a reader to understand what has been redacted without disclosing the information that should not be made public. The unredacted version of the Government's Reply Brief has been filed as Docket Number 23.

The Court also questioned the Government's authority for the scope of its redactions to its Brief in Support of Defendant's Continued Detention filed as Docket Number 13; the Government's proposed redacted version of Docket Number 13 is filed as Docket Number 19-2. The Court authorized the Government to file a redacted version of Docket Number 13. However, after the in camera hearing, the Government filed Docket Number 20, in which it states the filing is an "**unredacted version [of Docket Number 13] pursuant to the District Court's instructions**," and

1 stipulations reached with defense counsel at the April 8, 2011 . . .
2 hearing." (ECF No. 20, n.1.) The Court did not instruct the Government
3 to file an underacted version of Docket Number 13. That would be an
4 illogical instruction, since all the Court would have to do to file an
5 underacted copy of Docket Number 13 is order Docket Number 13 be filed
6 on the public docket; this instruction was not given during the in
7 camera proceeding. Since the Government states no reason exists to keep
8 Docket Number 13, this filing will be unsealed unless a party explains
9 why any portion of it should remain sealed in a filing due no later than
10 noon on April 12, 2011.

Dated:  April 11, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge