UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARK ALLEN CLINE,<br><br>Defendant. | No. 2:11-cr-00131-TLN<br><br>**ORDER** |

This matter is before the Court on what the Court construes as Defendant Mark Allen Cline's ("Defendant") Motion for Early Termination of Supervised Release. (ECF No. 115.) The Government did not file an opposition. For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 5, 2013, Defendant pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2). (ECF Nos. 74, 77.) On February 12, 2015, the Court sentenced Defendant to a 70-month term of imprisonment to be followed by a 180-month term of supervised release. (ECF Nos. 109, 111.) On January 25, 2021, Defendant filed a *pro se* letter with the Court requesting "early release from probation," which the Court construes as a motion for termination of supervised release. (ECF No. 115 at 1.)

## II. STANDARD OF LAW

"The correct legal standard for deciding a motion to terminate supervised release is set forth in 18 U.S.C. § 3583(e)." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). "The statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *Id.* (quoting 18 U.S.C. § 3583(e)(1)). The Defendant has the burden to demonstrate that early termination of supervised release is justified. *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006)).

## III. ANALYSIS

The sentencing guidelines range for Defendant's term of supervised release is five years to life. U.S.S.G. § 5D1.2(b)(2); *see also* 18 U.S.C. § 3583(k). The Court sentenced Defendant to a 180-month term of supervised release, and Defendant has served approximately 60 months of that term. (ECF No. 115 at 1.) In his motion, Defendant states he has fulfilled his responsibilities under supervised release. (*Id.*) He emphasizes he has completed classes and assessments, attended church and recovery groups, and reported monthly to his probation officer. (*Id.*) He also emphasizes he obtained employment, provides support for his parents, and is in a loving relationship. (*Id.*) Defendant submits character reference letters, an assessment that found him to be a low risk of recidivism, and a certificate of completion. (*Id.* at 2–11.)

The Court commends Defendant on the positive steps he has taken since his release. However, in light of the referenced subset of § 3553(a) factors, specifically including the nature and circumstances of the offense and the need to provide rehabilitation resources to Defendant,

Defendant has not shown that early termination of supervised release is justified. Due to Defendant's involvement with child pornography, Defendant's term and conditions of supervised release are well-supported. Although Defendant seems to argue his good behavior warrants early termination of supervised release, "compliance with release conditions, resumption of employment and engagement of family life are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate." *United States v. Bauer*, No. 5:09-cr-00980 EJD, 2012 WL 1259251, at *2 (N.D .Cal. Apr. 13, 2012); *accord United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298, at *2 (E.D. Cal. May 24, 2012) ("[M]odel prison conduct and full compliance with the terms of supervised release is what is expected of . . . [those] serving terms of supervised release and does not warrant early termination.") (internal quotation marks and citation omitted).

### IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Early Termination of Supervised Release is hereby DENIED. (ECF No. 115.)

IT IS SO ORDERED.

DATED: April 27, 2021

Troy L. Nunley
United States District Judge