UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

MARK ALLEN CLINE,

Defendant.

Case No.: 2:11-cr-00131-TLN

**ORDER**

Before the Court is Defendant Mark Allen Cline's ("Defendant") Motion to Modify Special Conditions of Supervised Release Nos. 9 and 4 pursuant to 18 U.S.C. §3583(e)(2) and Federal Rule of Criminal Procedure 32.1(c)(2)(B).  (ECF No. 120.)  The Government filed a statement of non-opposition.  (ECF No. 121.)

On March 20, 2015, the Court sentenced Defendant to 70 months in custody for one count of violating 18 U.S.C. § 2252(a)(2), receipt of child pornography.  (ECF 113.)  In addition, the Court imposed a 15-year term of supervised release, of which Defendant has served almost 10 years.  (*Id.*)  Among the Special Conditions of Supervised Release imposed at sentencing were:

> **No. 9**, which reads in relevant part: "The defendant shall have no contact with children under the age of 18, excluding the defendant's own, minor children, unless approved by the probation officer in advance. . . ."

**No. 4**, which reads: "The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale."

Defendant seeks to modify Special Conditions Nos. 9 and 4, as follows:

**No. 9** (first sentence only): "The defendant shall have no contact with children under the age of 18, *excluding the defendant's minor grandchildren or step-grandchildren while in the presence of the parent or legal guardian of said minor or other adult approved by the probation office*, unless approved by the probation officer in advance."

**No. 4**: "The defendant shall abstain from the *excessive* use of alcoholic beverages and shall not frequent those places where alcohol is the chief item of sale."

Defendant asserts that his assigned probation officers between 2020 and July 2025 permitted him to have contact with his minor step-grandchildren if supervised by an adult. (ECF No. 120-1 at 2.) Defendant also asserts that his assigned probation officers between 2020 and July 2025 allowed Defendant to drink alcohol consistent with Standard Condition of Supervised Release No. 7, which states "the defendant shall refrain from excessive use of alcohol." (*Id.* at 4.) Defendant further asserts that both permissions were revoked in July 2025 for no stated reason related to his performance on supervised release. (*Id.* at 3–4.)

"At any time prior to the expiration or termination of the term of supervised release, the court may modify . . . the conditions of supervised release whenever warranted by an individualized assessment of the appropriateness of existing conditions." U.S.S.G. § 5D1.4(a), citing See 18 U.S.C. § 3583(e)(2).

Under 18 U.S.C. § 3583(e)(2), the district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release" provided that the district court:

(1) "consider[s] the factors in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)";

(2) abides by the provisions of Fed. R. Crim. P. 32.1(c), which require a hearing and provide for the right to counsel; and

(3) follows "the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2) [citation]. With respect to this last requirement, 18 U.S.C. § 3583(d), which governs the initial setting of the conditions of supervised release, permits such conditions if they: (1) "are reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)";9 (2) "involve[ ] no greater deprivation of liberty than is reasonably

necessary to achieve" the goals of deterrence, protection of the public, and defendant rehabilitation; and (3) are "consistent with any pertinent policy statements issued by the Sentencing Commission."

*United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012).

Having considered the above-cited factors under 18 U.S.C. §§ 3583(e)(2) and 3553(a), as well as Defendant's performance on supervised release, and the Motion and exhibits thereto, the Court hereby DENIES the motion to modify Defendant's Special Condition **No. 9** of Supervised Release and GRANTS the motion to modify Defendants Special Condition **No. 4** as requested.

IT IS SO ORDERED.

Date: March 31, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE